UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE MARIE BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:15-CV-00005-CDP |
| ) | |
| HARI KAPUR, M.D., et al. ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

The parties, through their respective counsel, acknowledge and agree that the proceedings in this Litigation may require disclosure of information, either documentary or testimonial or both, regarded by the producing party as confidential information incorporating proprietary data, valuable and non-public commercial information, and/or personal health care information. Accordingly, Plaintiff Stephanie Marie Buchanan and Defendants Hari Kapur, M.D. and Corizon, LLC agree that disclosure shall be on the following terms and conditions.

1. This Protective Order applies to all documents and information produced or disclosed at any time ("Discovery Material") in this Litigation and to all Confidential Information produced by a party in this Litigation, whether revealed in a document, deposition, interrogatory answer or otherwise.

2. "Confidential Information" as used herein means any Discovery Material that is considered by the producing party to be: (1) confidential; (2) proprietary; (3) individually identifiable health information as defined in 45 C.F.R. § 160.103; and/or (4) protected health information as defined in 45 C.F.R. § 160.103.

3. Confidential Information may only be disclosed to a "Qualified Person."

4. "Qualified Person" as used herein means:

(a) The parties and their respective counsel in this Litigation;

(b) An outside expert or consultant (including such expert or consultant's clerical or support staff) who is being consulted or retained by a party or a party's counsel in this Litigation;

(c) A litigation assistant, paralegal or other clerical or support staff assisting counsel in this Litigation;

(d) Clerical or ministerial service providers, including outside copying services and court reporters, retained by a party or a party's counsel to assist such counsel in connection with this Litigation;

(e) An author of the document and anyone shown on the document as having received it in the ordinary course of business;

(f) Any third party, or counsel for that third party, whom counsel for either party believes in good faith may be a witness in this lawsuit (subject to the restriction described in Paragraph 7); and

(g) The Court and its respective staff.

5. The Parties will use the Discovery Material and Confidential Information produced pursuant to this Protective Order only for the purpose of preparing for or conducting this Litigation and for no other purpose. However, this Order shall not have the effect of limiting the supplying or designating party's right to make use of the party's own documents, materials, and information for any proper purpose outside of this Litigation.

6. A party producing Confidential Information shall affix the label "Confidential" to the first page and to each other page that contains Confidential Information. For electronic documents or data that are produced in native or similar electronic format and which contain Confidential Information, the producing party shall either include the label "Confidential" within the native file name, include the label "Confidential" as a field within the data file, or mark as "Confidential" the face of the media on which the electronic documents or data are produced. All deposition transcripts shall be treated as Confidential Information for a period of thirty (30)

days after receipt of such deposition transcript to allow time for the parties to designate by letter or e-mail the pages of the transcript that contain Confidential Information.

7.   Prior to the disclosure to any person, other than the parties' counsel and their support staff, of Confidential Information such person shall be furnished with a copy of this Stipulated Discovery Confidentiality Order and shall agree to maintain the confidentiality of such information as provided for herein by executing an Agreement To Be Bound By Protective Order in the form attached as Exhibit A to this Order, and agreeing not to disclose or use such Discovery Material for purposes other than those permitted hereunder, including after the conclusion of this Litigation.  Outside counsel for the parties shall retain a copy of each such executed Agreement To Be Bound By Protective Order in the form attached hereto as Exhibit A.

8.   The production or receipt of Discovery Material designated "Confidential" shall not:

(a)   Prejudice the right of a party to file a motion requesting that the Court remove or change the designation of Discovery Material as "Confidential";

(b)   Prejudice the right of a party to move that the Court issue a further order relating to Confidential Information and/or a Qualified Person; or

(c)   Prevent the parties from agreeing to alter or waive the protections provided for herein with respect to Confidential Information.

9.   All terms of this Protective Order apply to all Discovery Material produced or disclosed by third parties in this Litigation.  Such third parties may designate Discovery Material produced by them as "Confidential" pursuant to this Agreement, and such Discovery Material will be protected by this Protective Order to the same extent as other Discovery Materials.

10.   Upon the inadvertent disclosure of documents or other information deemed to be protected from disclosure by the disclosing party, the party inadvertently making such disclosure

shall be entitled to the immediate return of such document or other information (and all copies thereof) upon making written demand therefore, and such document or information shall not be used or disclosed in any way by the party receiving the inadvertent disclosure.

11.   In the event that there is a dispute about the propriety of a designation of information as Confidential Information, the following procedure shall be followed: Counsel for a party may provide written notice to the designating party or person of his/her intention to (a) seek additional protection for documents or materials, (b) disclose information subject to this Order, or (c) declassify any information designated Confidential Information. The designating party shall, within 10 business days after receiving such notice, state whether it objects to such disclosure or declassification. In the event that objection is made, counsel for the party desiring to make disclosure or declassification and counsel for the designating party shall promptly make a good faith effort to resolve the matter. Failing such resolution, the party desiring to make disclosure or declassification may make a motion to the Court to require such disclosure. The party seeking to maintain the information as Confidential Information shall bear the burden of demonstrating that the material is confidential, private, proprietary, or otherwise should be protected from disclosure. The information in controversy shall not be disclosed or declassified until required by the Court upon written order, or as agreed in writing by the party who designated the information.

12.   In the event that any Confidential Information is used in any proceeding in this action, it shall not lose its status as Confidential Information and the party using it shall take all reasonable steps to maintain its confidentiality during such use, as follows:

    (a)   For applications and motions to the Court, in connection with which a party submits Confidential Information, all documents containing

          Confidential Information which are submitted to the Court shall be filed with the Court electronically and under seal. If hard copies of documents are submitted to the Court, then they shall be submitted in sealed envelopes or other appropriate sealed containers, which envelopes and containers shall indicate; the title of this action; and the phrase "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."

    (b)    If any party desires at a hearing or trial to offer into evidence Confidential Information or otherwise to use Confidential Information so as to reveal its nature, such offer or use shall be made only upon taking all necessary steps to preserve the confidentiality of the material.

13.    Nothing in this Order shall be construed to affect either the discoverability or admissibility at a hearing or trial of any document, recording, or thing. Neither shall any party's entry into this Order be deemed to waive either its right to object to the production of documents, recordings, or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by another party or entity on appropriate grounds.

14.    Upon final termination of this Litigation (including any appeals), the parties and counsel shall within sixty (60) days destroy or return all Discovery Material and Confidential Information and documentary material or memoranda containing information designated "Confidential."

15.    Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the

action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.

16. This Order shall survive the final termination of this action, to the extent that the information designated as Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

17. Upon execution of this Order by counsel to the parties hereto and while this Order is pending before the Court, all documents and information produced by any party that are designated as Confidential Information shall be treated by the parties as classified by the designated party pursuant to the terms of this Order.

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **ECKENRODE MAUPIN,** | **HUSCH BLACKWELL, LLP** |
| **ATTORNEYS AT LAW** | Attorneys for Plaintiff Stephanie |
| Attorneys for Defendants Hari Kapur, | Marie Buchanan |
| M.D. and Corizon, LLC | |

By:   */s/ J. Thaddeus Eckenrode*          By:   */s/ Jason M. Husgen*
         J. Thaddeus Eckenrode, Esq.                  Jason M. Husgen, Esq.

Dated: August 12, 2015

Based upon the foregoing submissions of the parties and for good cause shown,

**IT IS SO ORDERED.**

Dated: August 21, 2015                              _Catherine D. Perry_

**EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being of full age, certify that I have read the Stipulated Protective Order entered in the action entitled, <u>Stephanie Marie Buchanan v. Hari Kapur, M.D., et al.</u>, No. 2:15-cv-00005-CDP, and agree to be bound by its terms; to maintain that information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except in connection with the trial or preparation for trial of this proceeding, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court, Eastern District of Missouri.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Print Name


_____
Address