UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE MARIE BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15 CV 5 CDP |
| ) | |
| HARI KAPUR, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Stephanie Marie Buchanan is a Missouri state prisoner who is presently proceeding in this prisoner civil rights action *pro se*. After a hearing on July 14, 2016, I allowed appointed counsel to withdraw and instructed Buchanan to either:

> 1) file an amended complaint; 2) inform the Court of her intent to proceed on her original complaint (ECF #1); or 3) inform the Court of her intent to proceed on the amended complaint filed by appointed counsel (ECF #15) but with an additional claim, specifying the additional claim.

(ECF #41, Order.) Buchanan chose to file a "Second Amended Complaint," after which defendants Hari Kapur, M.D., and Corizon, LLC, moved for a more definite statement under Fed. R. Civ. P. 12(e). I will grant the motion.

A motion for more definite statement may be granted if "a pleading . . . is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R.

Civ. P. 12(e). Motions under Rule 12(e) are disfavored and should not be granted unless the complaint is so vague or ambiguous as to be unintelligible "that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Wright & Miller, Federal Practice & Procedure: Civil 3d § 1376 at 311. Defendants argue that they are unable to frame a response to Buchanan's second amended complaint because it is vague, ambiguous, convoluted, and lacks specificity and clarity. I agree.

Rule 8(a) requires that every pleading setting forth a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Rule 8(d) instructs that each allegation of the pleading must be simple, concise, and direct. A complaint must provide the defendant with fair notice of what each claim is and the ground on which each claim rests. *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 665 (8th Cir. 2012).

Buchanan's second amended complaint contains no short and plain statement of her claim(s) showing that she is entitled to relief; nor does it make a demand for the relief sought. Neither can it be said that the complaint is simple, concise, and direct. Instead, the complaint "incorporates" certain paragraphs of Buchanan's original and first amended complaints, but identifies those paragraphs only by number. Further, the complaint purports to "include information regarding

spinal injuries" but provides none.  In addition, the complaint instructs to "change all wording" in numerous paragraphs from previous complaints, but again identifies those paragraphs only by number.  Neither the Court nor the defendants should be required to search through prior pleadings in order to piece together Buchanan's claims.  As presented, the second amended complaint is unintelligible to a degree that a defendant could not reasonably prepare a response to it.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Hari Kapur, M.D., and Corizon, LLC's Motion for More Definite Statement [45] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff shall file an amended complaint in the following format:

1)  Plaintiff shall set forth in the caption of the amended complaint the name of each defendant she wishes to sue.

2)  Plaintiff shall set forth her "Statement of Claim" by listing the first defendant's name, and under that name, she shall set forth in separate numbered paragraphs the allegations supporting her claim(s) as to that particular defendant, as well as the right(s) that she claims that particular defendant violated.  Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that she claims that

particular defendant violated.

3) The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief; the allegations must be simple, concise, and direct; and the numbered paragraphs must each be limited to a single set of circumstances.

4) Plaintiff shall sign the amended complaint.

Because an amended complaint replaces the original complaint and all previously-filed pleadings and supplements, plaintiff must include each and every one of the claims she wishes to pursue in the amended complaint. *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). The amended complaint may not refer back to or incorporate by reference any previous complaints.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Order, the Court will proceed on the amended complaint filed by appointed counsel (ECF #15).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of September, 2016.