# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| Stephanie Marie Buchanan, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:15-cv-00005-CDP |
| Hari Kapur, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF THIRD AMENDED CASE MANAGEMENT ORDER, AND MOTION FOR THE APPOINTMENT OF EXPERT WITNESS**

COME NOW Defendants Hari Kapur, M.D. and Corizon, LLC, and, for their Suggestions in Opposition to Plaintiff's Motion for Entry of Third Amended Case Management Order, state as follows:

**General Facts**

Although Plaintiff was appointed counsel by this Court to represent her in this cause of action, this Court entered an Order on July 14, 2016 (Document 41) granting her counsel's Motion for Leave to Withdraw (Document 35). In addition, said Order addressed Plaintiff's Motion for Appointment of New Counsel (Document 36[1]) by granting her request for appointed counsel to withdraw, and denying her request for appointment of new counsel. The crux of her counsel's Motion to Withdraw was due to "irreconcilable differences regarding the manner in which Plaintiff's case should proceed." (Document 35, ¶ 3.) Additionally, said Motion indicated, "Plaintiff wishes to proceed with this action pro se, and Plaintiff has been advised by counsel of the basic *obligations* that this will *demand* going forward." (Document 35, ¶ 4 (emphasis added).)

---

[1] Filed *ex parte* and under seal.

Per a Minute Entry for July 14, 2016 (Document 40), this Court conducted an in camera video motion hearing with Plaintiff and her counsel present to take up their respective motions.

This Court's Order of July 14, 2016 also provided that: Plaintiff had until August 15, 2016 to respond to Defendants' outstanding discovery requests; Plaintiff had until August 15, 2016 to file an amended complaint or to otherwise inform this Court of her intent to proceed on either the original complaint or the amended complaint filed by her counsel; and the Amended Case Management Order of March 23, 2016 (Document 34) would remain in effect. Plaintiff provided Defendants with her responses to their discovery and filed her Second Amended Complaint (Document 42). Per Defendants' Motion for More Definite Statement (Document 45) thereto, this Court entered its Memorandum and Order (Document 47) on September 26, 2016, ordering Plaintiff to file a further amended complaint. Plaintiff complied with this Court's Order and filed her Third Amended Complaint (Document 48) on October 17, 2016, which included additional allegations of failing to prevent, and timely diagnose and treat, spinal column and neck injuries. Defendants answered Plaintiff's Third Amended Complaint on November 7, 2016 (Documents 49 and 50.)

Per this Court's Amended Case Management Order of 23, 2016 (Document 34), dispositive motions were to be filed by November 7, 2016. Further, said Order also set this case for trial on March 13, 2017, on a two-week trial docket. Given that Defendants only had three weeks from the date Plaintiff filed her Third Amended Complaint to file dispositive motions, they filed a Motion for Entry of Second Case Management Order (Document 51) on November 29, 2016 to extend the deadline for filing dispositive

3365.53

motions and to continue this case from the March 13, 2017 trial docket. On that same day, this Court responded to said Motion by entering an Order (Document 52) that dispositive motions be filed by January 17, 2017, and that any responses in opposition thereto be filed by February 16, 2017. Pursuant to a subsequent Order (Document 54[2]) granting Defendants one additional day, Defendants filed their Motion for Summary Judgment (Document 55) on January 18, 2017.

Rather than filing a response to Defendants' Motion for Summary Judgment, Plaintiff filed, on February 21, 2017, a Motion for Entry of Third Amended Case Management Order (Document 58), and a Motion for the Appointment of Expert Witness (Document 59).

## Argument Against Motion for Entry of Third Amended Case Management Order

In her Motion for Entry of Third Amended Case Management Order, Plaintiff argues, "On July 14, 2016, Counsel for the Plaintiff requested that the Case Management Order (Documents 26 and 34) deadlines be extended for thirty (30) days for the benefit (Document 35) of the Plaintiff but did not specify as to what the deadline were for, making it unclear to the Plaintiff and to this Court." (Document 58, ¶ 6.) Plaintiff's argument is not compelling. First, Plaintiff had the opportunity during the video hearing on July 14, 2016 to seek from this Court clarification of the deadlines and make any verbal requests for extending any deadlines. Further, Plaintiff also had the opportunity, subsequent to the video hearing, to ask this Court for clarification of its Order of July 14, 2016 and/or to seek leave for the extension of any deadlines. It is not until now, after

---

[2] Docket-test Order.

3365.53

Defendants filed their Motion for Summary Judgment, that Plaintiff seeks leave of Court to do so.

Plaintiff further complains that, because she was not provided with a copy of the "New Case Management Order," she was unable to prepare her case for trial, which included serving discovery upon Defendants, conducting research, and seeking expert witnesses. (Document 58, ¶¶ 8 and 10.) To the contrary, Plaintiff had ample time since the withdrawal of her appointed counsel to seek leave from this Court to amend the Amended Case Management Order. (Document 34.) In fact, Plaintiff should have been alerted to this option when Defendants filed their Motion for Entry of Second Amended Case Management Order (Document 51) on November 29, 2016, thus signaling their intent to proceed with filing a dispositive motion. Rather, Plaintiff chose to wait not only until Defendants filed their Motion for Summary Judgment, but until after February 16, 2017, the date on which her response was due.

Plaintiff also claims that she has not received a "Docket text, in full," which she needs so that she may "refer to documents in motion or opposition." Again, Plaintiff has had ample time to request a copy of the Docket text. Further, she has not offered any proof that she made such a request.

In her Declaration in Support of Plaintiff's Motion for the Appointment of Expert Witness, and Amended Case Management Order, Plaintiff claims that her former counsel "took with them all available means and opportunity for plaintiff to research, seek and present expert witnesses, which plaintiff solely and completely relied upon counsel to provide." (Document 59, Pg. 4, ¶ 5.) However, Plaintiff's Declaration, at least with respect to this portion, is self-serving as she has not provided any proof that she requested

her file, or any portions thereof, from her former counsel.  Again, Plaintiff had ample time within which to do, and to apprise this Court of any inability to obtain such material.

## Argument Against Motion for the Appointment of Independent Expert Witness

Plaintiff argues in her Motion for the Appointment of Independent Expert Witnesses, "Expert testimony may be necessary to establish the required standard of care and to show that defendants deviated from it." (Document 59, Pg. 1, ¶ 2.)  In addition to pleading a cause of action against Defendants for deliberate indifference under 42 U.S.C. Section 1983, Plaintiff also sets forth a cause of action against Defendants for medical negligence.  (Document 4, ¶¶ 65-69 and 76-81.)  Thus, Plaintiff's request for an independent expert witness is not to support her federal claim of deliberate indifference, but rather to support a State-action claim of medical negligence, brought before this Court based on supplemental jurisdiction.

Plaintiff requests that she be granted 90 to 120 days within which to obtain the services of an independent expert witness.  (Document 59, Pg. 2, ¶ 5.)  Again, Plaintiff has had ample time to move this Court for appointment of an independent expert witness.  Six months had elapsed between the time this Court granted leave for Plaintiff's former counsel to withdraw and the date Defendants filed their Motion for Summary Judgment.  Assuming that Plaintiff's request would have been granted, that six-month timeframe would have accommodated the 90 to 120 days to retain and independent expert witness.  Instead, Plaintiff did not do so until after the date upon which her response to Defendants' Motion for Summary Judgment was due.

3365.53

## Conclusion

Seven months have elapsed between the time Plaintiff's former counsel was granted leave to withdraw and the date she filed her Motion for Entry of Third Amended Case Management Order. During that timeframe, Plaintiff did not request: a copy of the Docket-text from this Court; material from her former counsel; clarification of this Court's Order of July 14, 2016; and leave to further amend the Case Management Order. In fact, Plaintiff has not filed anything during that timeframe other than an amended complaint as required by this Court. Plaintiff was advised by her former counsel "of the basic obligations that this will demand going forward," but yet she has not taken any effort during that time to prosecute her case. Rather, she chose to do nothing, and only now seeks relief after Defendants filed their Motion for Summary Judgment. Therefore, Plaintiff's Motion for Entry of Third Amended Case Management Order should be denied.

Plaintiff's Motion for Appointment of Independent Expert Witness should likewise be denied. She seeks appointment of an expert to support a State-action claim which she brings before this Court based on supplemental jurisdiction. Mostly, Plaintiff has had six months to move this Court for appointment of an expert, but only does so now that her response to Defendants' Motion for Summary Judgment is past due.

Based upon the facts and reasons set forth above, Defendants pray that this Honorable Court deny Plaintiff's Motion for Entry of Third Amended Case Management Order and Motion for Appointment of Independent Expert Witness.

3365.53

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*_____
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Suite 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Hari Kapur and Corizon, LLC*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via USPS, First Class Mail, on this 22nd day of February, 2017 to the following:

**Stephanie Marie Buchanan, #1221458**
11011 East Highway 54
Vandalia, MO 63382
Housing Unit 8 C 104
*Pro Se*

*/s/ Megan Perney*