UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE MARIE BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15 CV 5 CDP |
| | ) | |
| HARI KAPUR, M.D., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Stephanie Marie Buchanan is a Missouri state prisoner who is presently proceeding in this prisoner civil rights action *pro se*. After a hearing on July 14, 2016, I allowed appointed counsel to withdraw after both Buchanan and counsel expressed that they could not overcome their disagreement as to how to proceed with the case. Buchanan now asks that I amend the case management order to give her time to obtain an expert witness and to prepare documents to respond to defendants' pending summary judgment motion. Buchanan asks that I continue all deadlines in this case as well as the trial, which is presently set on June 12, 2017. Buchanan also asks that I appoint an independent medical expert to help her establish her claim.

Defendants oppose the motions, and point out that seven months have elapsed from the time plaintiff's former counsel was allowed to withdraw and the

time she sought this relief. In fact, she waited until her response to defendants' motion for summary judgment was actually due to indicate that she needed more information.

When I conducted the *in camera* hearing regarding withdrawal of appointed counsel, plaintiff indicated that she understood she would be required to prosecute the case on her own if counsel withdrew. Additionally, counsel indicated that they had provided her with all information in their file.[1]

Although plaintiff has demonstrated a greater-than-average ability to represent herself in this case, I recognize that she is proceeding *pro se*, and in the interests of justice I will grant her some additional time. I will not, however, appoint an expert witness. Just as there is no right to appointed counsel in a civil case such as this, there is no right to have an expert witness appointed. I will, however, give her additional time to secure an expert on her own and provide the report required under the federal rules.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for the Appointment of Independent Expert Witness(es) [59] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Entry of Third

---

[1] Buchanan also claims that she has not received certain Court orders and other documents filed in the case. But my review of the Court file shows that all orders have been sent to her at her present place of confinement, and certificates of service on the defendants' filings show that they, too, have been sent to Buchanan.

Amended Case Management Order [58] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the following schedule shall apply in all relevant respects and will be modified only upon a showing of exceptional circumstances:

1. Plaintiff shall disclose any expert witnesses and produce the reports required by Rule 26(a)(2), Federal Rules of Civil Procedure, no later than **April 24, 2017**. These expert witnesses shall be made available for depositions, and their depositions shall be completed, no later than **May 24, 2017**.

2. The parties shall complete all discovery in this case no later than **May 24, 2017**.

3. Plaintiff shall respond to defendants' pending motion for summary judgment no later than **June 23, 2017**.

4. This case is removed from the trial docket of June 12, 2017, and will not be reset for trial until after the motion for summary judgment is ruled.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2017.